# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

HOWARD J. MILLER,      )
                        )
      Plaintiff,      )
                        )
v.                      )       CV420-162
                        )
SANTANDER CONSUMER     )
USA INC.,               )
                        )
      Defendant.    )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Howard J. Miller, II filed a Complaint in the Magistrate Court of Chatham County, Georgia. *See* doc. 1-2 at 2, 4–5. Defendant Santander Consumer USA Inc., d/b/a/ Chrysler Capital, removed the case to this Court, invoking its jurisdiction over federal claims pursuant to 28 U.S.C. § 1441. *See* doc. 1 at 2–4. In the more than six months this case has pended in this Court, and despite defendant's filing a Motion to Dismiss, doc. 5, plaintiff has done nothing to indicate that he intends to pursue it.

Plaintiff's failure to take any action in this case provides two independently sufficient grounds for dismissing his Complaint. First, his failure to respond to the Motion to Dismiss is construed as nonopposition.

*See* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable [fourteen-day] time period shall indicate that there is no opposition to a motion."); *cf. Hosseinzadeh v. Green Point Mortg. Funding, Inc.*, 577 F. App'x 925, 929 (11th Cir. 2014) (explaining that district court's granting a motion to dismiss as unopposed "is similar to granting a default judgment against a defendant who fails to respond."). Second, this Court has construed plaintiff's failure to respond to motions to dismiss as a failure to prosecute their case, warranting dismissal. *See, e.g., Anderson v. Augustin*, 2020 WL 7873059 (S.D. Ga. Dec. 8, 2020), *adopted* 2021 WL 27304 (S.D. Ga. Jan. 4, 2021). Accordingly, defendant's Motion to Dismiss, doc. 5, should be **GRANTED** as unopposed, and plaintiff's Complaint should be **DISMISSED**.[1]  Alternatively, the Complaint should be **DISMISSED** for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709

---

[1] If plaintiff wishes to file a belated opposition to defendant's motion, he is free to do so within the fourteen-day period for objections to this Report and Recommendation. Any such response should include an explanation for plaintiff's failure to file his opposition timely or otherwise prosecute his case.

F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>8th</u> day of February, 2021.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA